IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JIMMY LEE DAVIS,

        Plaintiff,

    v.

PAGE PUBLISHING COMPANY, et al.,

        Defendants.

Case No. 17-cv-02973-MMC

**ORDER DISMISSING AMENDED COMPLAINT WITHOUT PREJUDICE; DIRECTIONS TO CLERK**

United States District Court
Northern District of California

Before the Court is plaintiff Jimmy Lee Davis's amended complaint ("AC"), filed August 22, 2017. Having read and considered the amended complaint, the Court rules as follows.

By order filed May 30, 2017, Magistrate Judge Laurel Beeler, to whom the above-titled case was then assigned, granted plaintiff's application to proceed in forma pauperis. Where, as here, a party proceeds in forma pauperis, the district court "shall dismiss the case" if the plaintiff "fails to state a claim on which relief may be granted." See 28 U.S.C. § 1915(e)(2)(B)(ii). Pursuant to § 1915(e)(2)(B)(ii), the Court, by order filed August 8, 2017, dismissed plaintiff's initial complaint and afforded plaintiff leave to amend. In so ruling, the Court adopted a Report and Recommendation, filed July 19, 2017, in which Magistrate Judge Beeler found plaintiff had failed to allege sufficient facts to assert a cognizable claim against either Page Publishing Company ("Page") or the Federal Communications Commission ("FCC"), the two defendants named in plaintiff's complaint.

In his AC, plaintiff no longer asserts any claims against the FCC. Plaintiff continues, however, to assert a claim against Page, which claim is based on Page's alleged breach of a contract, specifically, a "Publishing Agreement" under which Page agreed to publish a book written by plaintiff and to provide related services. (See AC,

exhibit.)  Plaintiff alleges Page "breached" the contract by "fallaciously promising to put [his book] in every book store in America" (see AC at 1), by "allow[ing] [its] editing and page design departments to incessantly err by misspelling words and declining to punctuate and syntax properly" (see id.), and by "publish[ing] [his book] with conspicuous errors in it" (see AC at 2).  As relief, plaintiff seeks "a sum of $80,000.00 for aggravation and mental pain."  (See id.)

The Federal Rules of Civil Procedure require a plaintiff to include in a complaint "a short and plain statement of the grounds for the court's jurisdiction."  See Fed. R. Civ. Proc. 8(a)(1).  In the AC, plaintiff has not included any statement as to the district court's jurisdiction over the subject matter of his claims.  As "[s]ubject matter jurisdiction is a threshold issue in the absence of which the court cannot proceed to hear other issues, see Blackburn v. United States, 100 F.3d 1426, 1436 (9th Cir. 1996), the Court must first determine whether it has subject matter jurisdiction over plaintiff's claims.

As set forth in Magistrate Judge Beeler's Report and Recommendation, the district court's jurisdiction over plaintiff's initial complaint was dependent on his claim against the FCC, a federal agency.  See 28 U.S.C. § 1346 (providing for limited federal jurisdiction over actions brought against the United States); see also 28 U.S.C. § 1331 (providing district courts with jurisdiction over actions "arising under" federal law).  As plaintiff's claim against Page, a private party, was for breach of contract, it arose solely under state law. See id.  Although federal courts have jurisdiction over state law claims where the action is between citizens of different states and "the matter in controversy exceeds the sum or value of $75,000," see 28 U.S.C. § 1332(a), plaintiff's claim against Page, even assuming diversity of citizenship had been properly alleged,[1] was for damages in the amount of

---

[1]In the initial complaint, plaintiff alleged he is a citizen of California and Page is "located" in New York.  (See Compl. at 1.)  Even assuming the latter allegation is an assertion that Page's principal place of business is in New York, plaintiff's allegations nonetheless were insufficient to plead diversity of citizenship, as plaintiff failed to allege the state in which Page is incorporated.  See 28 U.S.C. § 1332(c)(1) (providing corporation is citizen both of state in which it has its "principal place of business" and in which it is "incorporated").

$7000, a sum considerably less than the jurisdictional minimum and which, as plaintiff alleged, was actually "twice the amount of money he had to pay to have [his book] published" by Page (see Compl. at 2).

In the AC, plaintiff, in what appears to be an attempt to establish diversity jurisdiction, has increased the amount he seeks from $7000 to $80,000. Although, ordinarily, for purposes of determining the amount in controversy, "the sum claimed by the plaintiff controls," an exception exists where, as here, "it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed." See St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938). In particular, as noted above, Page alleges he is entitled to the higher amount as compensation for the "aggravation and mental pain" assertedly caused by Page's alleged breach of contract. (See AC at 2.) Under California law, however, a plaintiff cannot recover "damages for emotional suffering and emotional distress" as a remedy for the "breach of an ordinary commercial contract," see Erlich v. Menezes, 21 Cal. 4th 543, 558 (1999), the sole exception to said rule being where "the express object of the contract is the mental and emotional well-being of one of the contracting parties," see id. at 559 (providing, as example of exceptional contract, "cemetery's agreement to keep burial service private and to protect grave from vandalism").

Accordingly, even assuming plaintiff and Page are diverse in citizenship, the Court lacks diversity jurisdiction over plaintiff's claim against Page.

The only other possible basis for the Court's jurisdiction over a state law claim such as plaintiff's against Page is where the state law claim is "supplemental" in nature. See 28 U.S.C. § 1367(a). Where an action includes a claim over which the district court has "original jurisdiction," such court has "supplemental jurisdiction over all other claims that are so related to claims in the action within original jurisdiction that they form part of the same case or controversy." See id. Here, however, as Magistrate Judge Beeler found, plaintiff failed to allege in his initial complaint sufficient facts to set forth the nature of his claim against the FCC and, as noted above, plaintiff has asserted no claim against

3

the FCC in his AC, nor, indeed, has he made any reference to the FCC therein.

Consequently, the Court is unable to determine whether plaintiff's breach of contract

claim against Page is part of a "case or controversy" between plaintiff and the FCC.  See

id.

Accordingly, the Court finds plaintiff has failed to meet his burden to establish

supplemental jurisdiction over his claim against Page.  See Kokkoken v. Guardian Life

Ins. Co., 511 U.S. 375, 377 (1994) (holding district court must "presume[ ]" it lacks

jurisdiction over claims; further holding "the burden of establishing the contrary rests upon

the party asserting jurisdiction").

Moreover, even assuming the Court has supplemental jurisdiction over plaintiff's

claim against Page, the Court, in light of the dismissal of plaintiff's claim against the FCC

and the early stage of the instant proceedings, finds it appropriate to decline to exercise

such jurisdiction.  See 28 U.S.C. § 1367(c)(3) (providing court may "decline to exercise

supplemental jurisdiction over a claim" where "court has dismissed all claims over which

it has original jurisdiction"); Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 n. 7

(1988) (holding, "in the usual case in which all federal-law claims are eliminated before

trial, the balance of factors to be considered under the pendent [supplemental] jurisdiction

doctrine — judicial economy, convenience, fairness, and comity — will point toward

declining to exercise jurisdiction over the remaining state-law claims").

In sum, the AC will be dismissed without prejudice.

## CONCLUSION

For the reasons stated above, plaintiff's amended complaint is hereby

DISMISSED, without prejudice to plaintiff's filing his claim against Page in an appropriate

state court or arbitral forum.[2]

_____

[2]The Court notes that the contract includes a provision stating that "[a]ny dispute, controversy, or claim between [Page] and [plaintiff] regarding [the] Agreement will be submitted to mandatory and binding arbitration," to be heard by an arbitrator in the state of New York.  (See AC Ex. ¶ 15).

The Clerk of Court is DIRECTED to close the file.

**IT IS SO ORDERED.**

Dated:  September 7, 2017

MAXINE M. CHESNEY
United States District Judge